[Crim. No. 349.   Second Appellate District.—December 1, 1914.]

## THE PEOPLE, Respondent, v. A. J. RONSSE, Appellant.

CRIMINAL LAW—MOTION TO SET ASIDE INFORMATION—TIME FOR.—In order to entitle a motion to set aside an information to a hearing, under section 990 of the Penal Code, it must be made at the time fixed for pleading and should be made before plea is entered; and there was no error in refusing defendant leave to withdraw his plea of not guilty, in order to move to set aside the information, where the application was made more than two months after the entry of the plea and no excuse was given for the failure to make the motion at the time the plea was made.

ID.—WITHDRAWAL OF PLEA—DISCRETION OF COURT.—A defendant in a criminal case is not entitled as a matter of right to withdraw a plea duly made to an indictment or information, in order that he may interpose objections to the proceedings which should have been presented before the plea; and when he appeals to the discretion of the court to allow him so to do there should be some showing of reasonable excuse for his neglect, such as: That he was without the advice of counsel theretofore as to his rights. Other facts might exist which, when presented to the trial judge, would be persuasive in determining such an application in favor of a defendant, but where no such facts are shown there is no abuse of discretion in denying the application.

ID.—PRELIMINARY EXAMINATION—OBJECTION TO AUTHORITY OF MAGISTRATE—WHEN TOO LATE.—An objection that the person who acted as justice of the peace and committed defendant for trial was not invested with the powers of a magistrate, but was only a pretended incumbent of a pretended office, should be made before plea and it is too late when made thereafter or at the time of the trial or after verdict.

ID.—REGULARITY OF PRELIMINARY EXAMINATION—PRESUMPTION OF FROM FILING INFORMATION—JURISDICTION—WAIVER OF OBJECTION.—The filing of an information regular in form presupposes a valid examination and commitment which gives the court jurisdiction to proceed in the case; and under sections 995 and 996 of the Penal Code a motion to set aside the information must be seasonably made on the grounds therein specified or the defendant is precluded from afterwards raising any of the specified objections.

ID.—ASSAULT WITH INTENT TO COMMIT RAPE — EVIDENCE — CROSS-EXAMINATION—TESTIMONY AT PRELIMINARY EXAMINATION.—In a prosecution for assault with intent to commit rape, while it would have been proper to have allowed the complaining witness to be questioned on cross-examination as to whether she had testified to the

facts of the case at the preliminary examination, no prejudice could have resulted to the defendant's case in sustaining objections to such questions, where the court allowed answers to be made to questions calling for a statement as to particular matters as to which the witness had testified or failed to testify to at the preliminary examination.

ID.—CROSS-EXAMINATION—CONVERSATION WITH THIRD PARTY.—In such a case, where the prosecutrix on cross-examination was asked whether she ever had a conversation with a certain party in regard to the complaint lodged against the defendant, or in regard to her relations with the latter, or whether she ever talked with said party about the case, and was then asked whether she ever had talked with anybody about the case, there was no error in sustaining objection to the last question because it was too general in its scope and pointed to no particular conversation which might furnish a basis for proof affecting the credibility of the witness.

ID.—IMPEACHMENT OF WITNESS—FOUNDATION FOR.—Where in the endeavor to lay a foundation for impeaching the credibility of a witness general questions are asked going merely to an inquiry as to whether a witness has had conversations with a third person, and objections are sustained thereto, the party against whom the adverse rulings are made should, either by an offer to show what he expects to prove or by a more comprehensive question, indicate wherein the matter expected to be elicited will be material. This, unless it is shown that the court declined to allow the statement of the expected evidence to be made or such further questions to be asked.

ID.—MOTIVE OF PROSECUTRIX—EVIDENCE.—In such a case the defendant had the right to show all of the words, actions, and conduct of the prosecutrix which in any way would furnish the jury with evidence as to her motive in instituting the prosecution, but where the defendant testified that he was taken to the prosecuting attorney's office before the prosecution was started and there agreed, as a condition that he would not be prosecuted, to marry the prosecutrix, which he afterwards declined to do, the jury could have been under no misapprehension as to the fact that had the accused been willing to enter into a marriage with the prosecutrix, the charge would never have been lodged against him, and there was no prejudicial error in sustaining an objection to a question as to what the prosecutrix had said to the defendant in a certain conversation in which she referred to his marrying her.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial.　T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Davis & McCoy, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was charged by an information with the crime of assault with intent to commit rape. He was convicted of having committed a simple assault, which charge was included within that upon which he was tried. This appeal is from the judgment and from an order denying his motion for a new trial.

It was alleged in the information that appellant assaulted one Dorothy Zeigler and used force and violence in the attempt to accomplish an act of sexual intercourse with the prosecutrix. The complainant's testimony was to the effect that prior to the time of the alleged assault she had made an engagement of marriage with appellant, who was a veterinary surgeon; that upon the night of the twenty-seventh of December, 1913, after attending a theater with the accused, she accompanied him, at his request to his office, which was in a building then being used as a veterinary hospital. She testified that appellant first showed her through the office and drug-room at the hospital and that he then took her into his bedroom, which was adjoining the office, for the purpose, as he stated, of showing her some photographs; that she sat upon his bed and that he sat beside her while the photographs were being shown, and that he then turned out the light and reclined with her upon the bed; that he first "coaxed" her to accede to his wishes, which she refused to do, and that thereupon he endeavored to remove a large part of her clothing, in which attempt he partially succeeded; that she did not cry out, but fought and scratched him and prevented him from accomplishing his purpose; that finally he abandoned the attempt and that she dressed herself and rode with him to her sister's house in the city of San Diego, where she remained that night, as her home was in a suburban town. The occurrence at the hospital happened between the hours of 11 and 12 o'clock at night. The complainant admitted that the accused had caressed her earlier in the evening, and that while he was showing her the rooms he had his arm about her shoulders a portion of the time, to all of which proceedings she made no objection for the reason, as she stated, that

they were engaged to be married. Immediately after this occurence, it appears from the testimony, the accused evidenced some disinclination to enter into a marriage with the complainant, and it fairly appears by every reasonable inference to be drawn from the evidence that the prosecutrix gave the accused the option of either leaving town, marrying her, or being prosecuted. There was a meeting held at the office of the district attorney when the issuance of a complaint was under consideration, and at that time appellant agreed to marry the girl. He accompanied her to the office of the county clerk and secured a marriage license, and that evening prosecutrix rode with him in his automobile and accompanied him to a restaurant and later to her home. However, after further considering the matter, the accused declined to enter into the marriage at that time, and the filing of the complaint and his arrest on the charge made in the information immediately followed. Upon this state of the evidence, which is narrated as strongly in favor of the case made by the prosecution as can be drawn from the record, the jury convicted of a simple assault and appellant was sentenced to serve six months in the county jail.

The statement made by appellant's counsel in their brief to the effect that the chief object sought to be accomplished by the prosecutrix in lodging the complaint against appellant was to force him into a marriage with her, is entirely justified by the facts as we gather them from the transcript of the evidence. And it may be here mentioned that the accused denied in positive terms that he had used any force upon the person of the prosecutrix; he admitted that while the two were lying upon his bed at a late hour of the night he had suggested to her that she submit to his wishes, which she refused to do, adding that even though she were so inclined her then condition was such as to make the act impossible of commission. However, as to the matter of what the facts were with reference to the alleged assault having been made, the jury had the right to conclude, as they must have concluded, that the testimony of the prosecutrix was more entitled to be believed than that of the accused; and unless some error or irregularity appears to have been committed which resulted to prejudice the case of the accused in the eyes of the jury, the judgment and order must stand affirmed. We have examined closely all of the points made by appellant and have kept in

mind the consideration that the case was such, as presented by the prosecutrix, as might well have suggested a suspicion that the prosecution was lacking in good faith.

Appellant first contends that it was error for the trial court to refuse to allow him to withdraw his plea of not guilty so that he might move to set aside the information. After the plea was entered the application to withdraw it was filed in written form, and at the same time there was filed a motion to set aside the information. The motion to withdraw the plea was promptly denied, but it does not appear that any ruling was made upon the motion to set aside. The ground assigned in support of the motion to set aside the information was that the defendant had never been legally held to answer by a committing magistrate. It was set forth in the notice of motion that the board of supervisors was without authority to appoint the justice of the peace before whom appellant appeared, because there was in fact no such office existent and that the said board was without power to create it.

In order to entitle a motion to set aside the information to a hearing, it must be made at the time fixed for pleading and should be made before plea is entered. Section 990 of the Penal Code provides that the defendant may, "in answer to the arraignment, move to set aside, demur, or plead to the indictment or information." The record shows that on February 16, 1914, defendant was before the court with his counsel and was duly arraigned; time for pleading was set for February 20, 1914; that on February 20th he appeared with counsel and pleaded not guilty. On April 14, 1914, he appeared again with counsel and the date of his trial was then fixed for May 6, 1914. Next, on April 30, 1914, more than two months after the plea of not guilty was entered, he filed his motion for leave to withdraw that plea, and also his motion to set aside the information.

A defendant in a criminal case is not entitled as a matter of right to withdraw a plea duly made to an indictment or information, in order that he may interpose objections to the proceedings which should have been presented before the plea; and when he appeals to the discretion of the court to allow him so to do there should be some showing of reasonable excuse for his neglect, such as: that he was without the advice of counsel theretofore as to his rights. Other facts might exist which, when presented to the trial judge, would be per-

suasive in determining such an application in favor of a defendant. No such facts were here presented, and instead of there appearing to have been an abuse of discretion shown, had a contrary ruling been made the court's action would more properly have been subject to that criticism.

Conceding that defendant was able to show, as his contention is, that the person who acted as a justice of the peace and committed him for trial was not invested with the powers of a magistrate, but was only an incumbent of a pretended office, nevertheless this objection made at the time of trial, and also after verdict, by which appellant sought to question the jurisdiction of the court, came too late. It was the same objection that was made the ground of the offered motion to set aside the information. The information was regular in form and its presence on the files of the superior court presupposed a valid prior examination and commitment. In *Ex parte McConnell,* 83 Cal. 558, [23 Pac. 1119], where, on *habeas corpus,* after conviction, a defendant raised the question that he had never been examined and held to answer before the filing of the information, the supreme court, by the late Chief Justice Beatty, pointed out that this question should have been seasonably raised by a motion to set aside the information under section 995 of the Penal Code. In the opinion it is said: "The filing of the information gave the court jurisdiction to proceed in the case, and the section of the code cited provides the exclusive method of trying the question whether the information was founded on the necessary preliminary examination and commitment." And it may be added that section 996 of the Penal Code, immediately following the section which specifies the grounds upon which a motion to set aside an indictment or information may be made, provides that if the motion is not so made the defendant is precluded from afterwards raising any of the specified objections. See, also, *People* v. *Bawden,* 90 Cal. 195, [27 Pac. 204]. The decision in *People* v. *Webber,* 133 Cal. 623, [66 Pac. 38], is not authority for the position taken by appellant, that he was entitled to raise the question as to the regularity of the preliminary examination by objection to the jurisdiction of the court. The decision referred to only declares what the code in plain terms provides, to wit: that a motion in arrest of judgment will reach any defect in the information which would have been good ground for de-

murrer. (Pen. Code, secs. 1004 and 1185.) It has been before noted herein that the information was regular on its face; it sufficiently charged a public offense and one within the jurisdiction of the superior court.

The complaining witness was asked on cross-examination several general questions as to whether she had testified to the facts of the case at the preliminary examination. Objections were made to the questions and sustained by the trial judge. While it would have been proper to have allowed the questions to be answered (*People* v. *Hart,* 153 Cal. 261, [94 Pac. 1042]), still no prejudice could have resulted to the defendant's case, for the court did allow answers to be made to questions calling for a statement as to particular matters as to which the witness had testified or failed to testify at the preliminary examination.

On further cross-examination, the prosecutrix was asked whether she ever had a conversation with a Mrs. Hendee in regard to the complaint lodged against the appellant, or in regard to her relations with appellant, or whether she ever talked with Mrs. Hendee about the case. She was then asked whether she had ever talked with any one about the case. Objections were made to the several questions and in each instance sustained. The objection to the last question was properly sustained. The question was too general in its scope and pointed to no particular conversation which might furnish a basis for proof affecting the credibility of the witness. The remaining questions asked might well have been allowed as preliminary to further interrogation, but while such rulings were improper to be made, it cannot be said that the defendant was prejudiced thereby. We conceive the correct rule to be this: Where in the endeavor to lay a foundation for impeaching the credibility of a witness general questions are asked going merely to an inquiry as to whether a witness has had conversations with a third person, and objections are sustained thereto, the party against whom the adverse rulings are made should, either by an offer to show what he expects to prove or by a more comprehensive question, indicate wherein the matter expected to be elicited will be material. This, unless it is shown that the court declines to allow the statement of the expected evidence to be made or such further questions to be asked. Such was not the con-

dition at the trial of appellant, as shown by this record. This
view is applicable to all of the objections to later rulings pre-
sented on page 4 of appellant's brief.

Before the complaint charging the crime for which appel-
lant was prosecuted had been filed, the prosecutrix, her
mother, and a Mrs. Praul visited the appellant and held con-
versations with him. Appellant while testifying on his own
behalf stated that he and the prosecutrix had retired to an-
other part of the building and there had some conversation.
He stated that reference was made by the young woman to
the subject of his marrying her. He was then asked to tell
what she said on the subject and the question was objected
to. The court inquired what the purpose of it was and coun-
sel replied: ''Simply to show, your honor, that the whole
thing in the mind of Dorothy Zeigler and her mother and
Mrs. Praul was forcing the defendant into a marriage; that
their visit there was for that purpose, and failing in that
object they lodged this criminal complaint.'' The court re-
sponded: ''If it is admissible at all, it goes to the question of
the credibility of the witness, and for no other purpose.''
The objection was then sustained. Appellant had the right
to show all of the words, actions, and conduct of the prose-
cutrix which in any way would furnish the jury with evi-
dence as to her motive in instituting the prosecution. But
we find it stated by appellant immediately following in his
testimony that he was taken to the prosecuting attorney's of-
fice and there agreed, as a condition that he would not be
prosecuted, to marry the prosecutrix. The jury could have
been under no misapprehension as to the fact that had the
accused been willing to enter into a marriage with the prose-
cutrix the charge never would have been lodged against him.
Notwithstanding all this, the jury chose to believe the com-
plainant in her narrative as to the attempted rape.

We find no error in the record which may properly be said
to have resulted in depriving defendant of his right to a fair
trial. While this case belongs to a class where, as has been
often said by appellate courts, trial judges should be ex-
tremely liberal in permitting an accused the privilege of a
very broad and unhindered cross-examination of the prose-
cutrix, still, before this court is authorized to disturb the

judgment, it must be made apparent that the rulings complained of have been prejudicial.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 31, 1915.