[Crim. No. 76. Fourth Appellate District.—February 7, 1933.]

THE PEOPLE, Appellant, v. P. A. WILLIAMS, Respondent.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellant.

William P. Webb for Respondent.

JENNINGS, J.—This is an appeal by the People from an order of the superior court setting aside an information. The defendant was charged with having committed the offenses of grand theft and violation of the Corporate Securities Act of the state of California in a complaint which was filed in the Justice's Court of Santa Ana Township, Orange County. A warrant of arrest was thereupon issued by the justice of the peace of said township. The warrant of arrest was duly served upon the defendant and he was taken before the said justice of the peace, who ordered that he be committed for examination to the sheriff of Orange County in accordance with the provisions of section 863 of the Penal Code and that he be admitted to bail in the sum of $10,000. Thereafter a preliminary examination of the defendant was held before the said justice of the peace. At the conclusion of the examination the justice of the peace found from the evidence which was presented to him that the offenses charged in the complaint had been committed and that there was sufficient cause to believe that the defendant was guilty thereof, and ordered that he be held to answer the same and that he be admitted to bail in the sum of $5,000. An order to this effect, signed by the justice of the peace, was duly indorsed on the complaint. The record shows that prior to the introduction of any evidence at the preliminary examination "L. E. Ross was appointed shorthand reporter." Thereafter an information charging the defendant with the commission of the offenses specified in the complaint which was filed in the justice's court was filed in the Superior Court of Orange County by the district attorney. The defendant was arraigned in the superior court, where he entered a plea of not guilty of the offenses charged and the case was set for trial. On the date designated for the trial of the action the defendant, through his counsel, presented a motion to set aside the information on the ground that the defendant had not been legally committed for the reason that the reporter who had been appointed by the justice of the peace and who had prepared a transcript of the proceedings was not an official reporter selected as prescribed by section 274c of the Code of Civil Procedure. This motion was granted by the superior court and the order setting aside the information was made.

As above indicated, it was respondent's contention, in support of the motion to set aside the information, that the reporter who was appointed by the justice of the peace to take down in shorthand the testimony and proceedings at the preliminary examination and who prepared a transcript of such proceedings was not an official reporter appointed as required by the provisions of section 274c of the Code of Civil Procedure and whose competency was established as provided in section 270 of the Code of Civil Procedure, and that the transcript of the proceedings had at the preliminary examination was not certified as required by section 274c of the Code of Civil Procedure. Section 274c of the Code of Civil Procedure is in the following language:

"274c. *Phonographic reporters for municipal and justices' courts.* Each municipal court in this state, a majority of the judges concurring, and each justices' court in cities, cities and counties, towns and judicial townships, having a population of thirty thousand or more, may, by order entered upon the minutes of the court, appoint as many competent phonographic reporters as the business of the court may require, to be known as official reporters of such court, and to hold office during the pleasure of the judges of such court respectively. Such reporters, or any one of them, must, at the request of either party or of the court in a civil proceeding, or on the order of the court in a criminal action or proceeding, take down in shorthand all the testimony, the objections made, the rulings of the court, the exceptions taken, all arraignments, pleas and sentences of defendants in criminal cases, the arguments of the prosecuting attorney to the jury, and all statements and remarks made and oral instructions given by the judge; and if directed by the court, or requested by either party, must, within such reasonable time after the trial of such case as the court may designate, write out the same, or such specific portions thereof as may be requested, in plain and legible longhand, or by typewriter, or other printing machine, and certify to the same as being correctly reported and transcribed, and when directed by the court, file the same with the clerk of the court. Those sections of the Code of Civil Procedure of this state numbered 270 to 274, inclusive, are hereby made applicable to the qualifications, duties, official oath, certification of transcripts and fees of official reporters of

municipal courts and justices' courts in cities, cities and counties, towns and judicial townships, having a population of thirty thousand, or more.''

The record herein shows that the superior court took judicial notice of the fact that Santa Ana Township has a population of 30,000 or more.

Chapter VII, part II, title III, of the Penal Code is entitled "Examination of the Case, and Discharge of the Defendant, or Holding Him to Answer." In this chapter is prescribed the procedure to be followed in the preliminary examination of a defendant who has been charged with the commission of a criminal offense by a complaint drawn pursuant to section 806 of the Penal Code. Throughout this chapter the official who is charged with the duty of conducting the preliminary examination of the defendant is referred to as a magistrate. In section 807 of the Penal Code the word "magistrate" is defined as an officer having power to issue a warrant for the arrest of a person charged with a public offense. Section 808 of the Penal Code provides that the justices of the Supreme Court, the judges of the superior court, the judges of the municipal court, justices of the peace and police magistrates in towns and cities are magistrates. ■ A justice of the peace who conducts a preliminary examination of a defendant charged with the commission of a public offense does so in his capacity as magistrate (*County of Tulare* v. *Fenn,* 47 Cal. App. 413, 415 [190 Pac. 855]). The population of the judicial township wherein is located the court over which the justice of the peace presides is purely incidental to the conduct of the examination. The jurisdiction of the justice to act as a magistrate is not affected by reason of the fact that he may preside over a justice's court of enlarged jurisdiction.

■ Section 869 of the Penal Code provides that "the magistrate before whom the examination is had may, in his discretion, order the testimony and proceedings to be taken down in shorthand in all examinations herein mentioned, and for that purpose he may appoint a shorthand reporter". This language indicates that it is discretionary with the magistrate whether or not he shall appoint a reporter for the purpose of having the proceedings at such examination taken down in shorthand. The appointment of the reporter is not at all essential to the conduct of the examination

(Concurring Opinion of Beatty, C. J., in *Elder* v. *McDougald*, 145 Cal. 740, 749 [79 Pac. 429]). The language of section 274c of the Code of Civil Procedure states that a justice's court located in a township having a population of 30,000 or more *"may"* (italics ours) appoint as many competent phonographic reporters as the business of the court may require, and by specific reference to section 270 of the Code of Civil Procedure it would appear that the competency of such reporters must be established in the manner there designated. ■ Nevertheless, since the power of a justice of the peace to hold preliminary examinations and to commit persons to be held for trial in the superior court is derived from the character of the officer as a magistrate and not from his character as justice of the peace (*County of Tulare* v. *Fenn, supra*), it follows that those sections of the Penal Code which are specifically applicable to the conduct of preliminary examinations by magistrates must govern rather than those sections of the Code of Civil Procedure which have for their object the establishment of the competency of reporters in justices' courts. No provision requiring a magistrate, in the conduct of a preliminary examination, to appoint a reporter whose competency is to be established in any specified manner is to be found in those sections of the Penal Code which relate exclusively to the conduct of such examinations. ■ We conclude, therefore, that respondent's contention that the competency of a reporter who is appointed by a justice of the peace, acting in the capacity of a committing magistrate, to take down the testimony and proceedings at a preliminary examination must be established in the manner specified in section 270 of the Code of Civil Procedure, when it appears that the court over which the justice presides is located in a township having a population of 30,000 or more, may not be sustained.

It may be observed, incidentally, that it is not contended by respondent that the reporter who was appointed by the magistrate to take down in shorthand the testimony and proceedings at the preliminary examination was not in fact competent nor that the transcript prepared by the reporter is not in fact a true and correct record of such testimony and proceedings.

■ Furthermore, it appears that the respondent was represented by counsel at the preliminary examination and that no objection to the competency of the reporter was then made. By thus failing to make the objection at the proper time it must be deemed to have been waived (*People* v. *McIntyre*, 127 Cal. 423 [59 Pac. 779]).

■ It also appears that upon being arraigned in the superior court respondent entered a plea of not guilty and that no application for permission to withdraw the plea had been made at the time respondent presented his motion to set aside the information. The orderly procedure of the cause in the superior court, as established by section 990 of the Penal Code, would have been for the respondent first to have presented his motion to set aside the information. Having failed to do so and having entered a plea, he should then have sought and obtained permission of the court to withdraw the plea that he might in orderly manner present his objection to the information. ■ A defendant in a criminal case is not entitled as a matter of right to withdraw a plea duly made to an information in order that he may interpose objections to the proceedings which should have been presented prior to the plea (*People* v. *Ronsse*, 26 Cal. App. 100, 104 [146 Pac. 65]). It is doubtful if the court was authorized to entertain respondent's motion for dismissal of the information after a plea had been duly entered by respondent and no application for permission to withdraw the plea had been presented (*Western Meat Co.* v. *Superior Court*, 9 Cal. App. 538, 544 [99 Pac. 976]).

■ As to the objection that the transcript of the proceedings taken at the preliminary examination was not certified by the reporter appointed by the magistrate, while it is provided by section 869 of the Penal Code that, if the defendant be held to answer the charge, the reporter shall certify the transcript, his failure so to do did not affect the jurisdiction of the magistrate to conduct the preliminary examination and the magistrate having determined that a public offense had been committed and that there was sufficient cause to believe that the respondent was guilty thereof and having duly issued a commitment of the respondent, foundation was properly laid for the filing of the information, which should not be set aside because of the failure of

the reporter to certify the transcript whose correctness is not questioned.

For the reasons stated, the order from which this appeal has been taken is reversed.

Barnard, P. J., and Marks, J., concurred.