[Crim. No. 640.   Fourth Dist.   Jan. 23, 1946.]

THE PEOPLE, Respondent, v. LOYCE EDWARD BROOKS et al., Appellants.

Joseph Seymour for Appellants.

Robert W. Kenny, Attorney General, Henry A. Dietz, Deputy Attorney General, John Neblett, District Attorney, and William W. Shaw, Deputy District Attorney, for Respondent.

MARKS, J.—This is an appeal from judgments following convictions of defendants of burglary in the second degree and from an order denying their motion for new trial. Defendant Simpson has also appealed from an order committing him to the Youth Authority of the State of California, he being 20 years of age. Section 1737.5 of the Welfare and Institutions Code provides that a commitment to the Youth Authority is a judgment that is appealable. We have here an appeal by Brooks from the judgment committing him to the penitentiary for the term prescribed by law, and from the order denying his motion for new trial, and an appeal by Simpson from the order of commitment to the Youth Authority and from the order denying his motion for new trial.

Defendants argue that the evidence is insufficient to support

the verdict and judgments against them. This requires a brief outline of the pertinent facts.

Juanita's Shop is a woman's apparel shop located at 120 West Sixth Street in the city of Corona in Riverside County. At about 3:30 o'clock on the afternoon of May 9, 1945, defendants entered the shop and Simpson asked for a "will call" package containing a lady's suit. While the proprietress was in the rear of the shop looking for the package Simpson told her it contained a dress and not a suit and went to the rear where she was looking for the package. She could not find it and defendant left the shop. At about five o'clock p.m. on the same day defendants returned and Simpson purchased a pair of hose and said they were sorry about the trouble caused concerning the "will call" package as they had found it.

At about eight o'clock the following morning it was discovered that the shop had been burglarized and about everything of value stolen. The total value of the articles taken was between four and five thousand dollars. Entry had been made into the shop by chiseling a hole in a panel in the rear door. There were tire marks of an automobile near this rear door.

Defendants were arrested in the city of Corona on May 14, 1945. They were together in an automobile. A search of the car disclosed about fifteen dresses and other articles which had been taken from Juanita's Shop. There was a screw driver on the floor boards of the car. Its blade fitted exactly into the marks on the rear door of Juanita's Shop made in chiseling the hole through the panel. This hole was large enough to admit a hand.

Simpson took officers to Palm Springs where other articles stolen from Juanita's Shop were recovered from women living in houses that were pointed out by Simpson. Another trip was made to Indio where the same thing occurred.

It needs no citation of authority to support the conclusion that this evidence is sufficient to support the judgments against both defendants.

Defendants' main contention is that they had no preliminary examination and were held to answer without probable cause. This argument is based chiefly on the fact that neither defendant was represented by counsel in the justice's court, and the further fact that there was no transcript of the proceedings before the committing magistrate filed in the superior court.

These matters were properly raised on motions to set aside the information, and also by demurrers presented, and were argued before defendants entered their pleas. Their motions were denied and their demurrers overruled. They then entered pleas of not guilty.

■ It is not necessary that a defendant be represented by counsel before the committing magistrate unless he enters a plea of guilty (Pen. Code, § 859a) or unless he waives a preliminary examination. (Pen. Code, § 860.) ■ Nor is it necessary, except in homicide cases, that the proceedings be taken down in shorthand and transcribed by a court reporter. (Pen. Code, § 869; *People* v. *Williams,* 129 Cal.App. 504 [19 P.2d 37].)

Neither defendant either produced, or offered to produce on the hearing of their motions, any evidence by affidavit or otherwise even tending to indicate that he had pleaded guilty in the justice's court to the offense charged, or had waived a preliminary examination there when not represented by counsel. Nor did either of them attempt to prove by affidavit or otherwise that they had been committed without a preliminary examination. Seemingly they were content to rely on the absence of a reporter's transcript of the proceedings before the committing magistrate from the files of the superior court. As this was a case in which burglary, not homicide, was charged, the presence of a reporter was not required by law so the absence of a reporter's transcript was not evidence supporting their contention that they had been committed without a preliminary examination.

At the commencement of the trial counsel for defendants asked leave to permit them to withdraw their pleas of not guilty so that they might again move to set aside the information on the ground that they had been held to answer without any preliminary examination. Their counsel made a proffer of proof which, if supported, would have shown that they had not been legally held to answer. The trial court denied the motion and proceeded with the trial. This is now urged as an abuse of discretion on the part of the trial judge.

It is admitted that permitting or refusing to permit the withdrawal of pleas already entered is generally a matter within the sound discretion of the trial judge. If counsel had been able to show that he first learned, or had reasonable grounds to believe, after the entry of the pleas of not guilty, that defendants had been improperly held to answer without a

preliminary examination we would be inclined to the opinion that the trial judge should have granted the motion so that the matter could have been fully and fairly determined.

The forms of procedure required by law in preliminary examinations establish a substantial right vested in every person charged with crime and should not be lightly waved aside. (*People* v. *Weatherford,* 27 Cal.2d 401 [164 P.2d 753].) A legal preliminary examination is one of the steps required to establish due process of law where the prosecution in the superior court is by information and is necessary to confer jurisdiction on that court.

In the instant case defendants and their counsel were not ignorant of any purported defects in the proceedings before the committing magistrate at the time they entered their pleas. Before those pleas were entered they raised the same questions by motions and by demurrers. They then failed to substantiate their claims of defects in the proceedings before the committing magistrate which they had the opportunity to do. How many times defendants should be permitted to raise the same question after it had already been presented, argued and ruled upon, should be considered a matter within the discretion of the trial judge, to say the least, and the denial of the motion to permit the withdrawal of the pleas cannot be held to be an abuse of discretion as the withdrawal of a plea to permit objections to be made to proceedings prior to the filing of the information is not a matter of right. (*People* v. *Ronsse,* 26 Cal.App. 100 [146 P. 65]; *People* v. *Williams, supra.*)

During the trial defendants attempted to introduce evidence on the same question. This evidence was properly excluded because the sufficiency of the proceedings before the committing magistrate is not a question for determination during the trial of a criminal case.

The order denying the motions for new trial and the judgments are affirmed.

Barnard, P. J., and Griffin, J., concurred.