THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
FERNANDO RIVERA ESCUTÉ, Defendant and Appellant.

No. 11334.   Argued April 4, 1946.—Decided June 5, 1946.

208

*Santos P. Amadeo, Gilberto Concepción de Gracia,* and *F. Hernández Vargas* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant, who was convicted on a charge of first degree murder for the unlawful killing of Phillip Houston, was sentenced to life imprisonment, and he thereupon took the present appeal, assigning the commission of four, errors by the trial court.

The first assignment is based on the admission in evidence of a written confession made under oath by the defendant before the district attorney during the preliminary investigation. The appellant maintains that such evidence was inadmissible because the alleged confession was made by the defendant before the district attorney without expressly or intelligently waiving his right not to incriminate himself, since, according to the testimony of Professor Alfredo Silva, of the University of Puerto Rico, the defendant was a mentally deficient person of the moron type who, being unable to understand the scope of the legal warnings given to him by the district attorney before the reception of his confession, was not in a position to realize the consequences of the latter. As a further ground of the alleged error he also urges that the constitutional privilege against

self incrimination which an accused enjoys applies to the preliminary hearing, and in support of this assertion he cites the doctrine laid down in the case of *Woods* v. *United States,* 128 F. (2d) 265, 270.

At the outset we will state that neither our Organic Act nor our statutes provide, as a prerequisite for the validity and admission of an information or confession, the holding of a preliminary hearing. The doctrine laid down in *Woods* v. *United States, supra,* refers to those cases where a preliminary hearing is held in compliance with constitutional or statutory provisions of the State where they may be in force. According to § 3 of the Code of Criminal Procedure, where there is involved a public offense, such as the one herein over which a district court has original jurisdiction, the prosecution must be commenced ''by information filed by the prosecuting attorney, in open court, verified by his affidavit, which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn before him, or upon the testimony of witnesses taken before an examining magistrate.'' See *People* v. *Travieso,* 60 P.R.R. 518.

On behalf of the appellant it is urged that the latter is one of those morons whom everybody classifies as idiots because of their low mentality, according to the exact words of the witness for the defense Alfredo Silva, professor of the University of Puerto Rico, and that, therefore, his right not to incriminate himself could not have been intelligently waived by him. Section 12 of the Penal Code, among other things, provides: ''All persons are of sound mind who are neither idiots, nor lunatics nor affected with insanity.'' It is necessary to overcome this presumption by means of convincing evidence. The evidence adduced for the purpose of showing that the defendant is a moron, that is, a mentally deficient person, in our opinion, as well as that of the court and of the jury which tried the case, is not sufficiently con-

vincing to overcome that presumption or to support the
contention of the defendant. On the contrary, a careful
examination of the confession made under oath by the ac-
cused before the district attorney, leads us to the belief—
regard being had for the coherent and conscious way in
which the accused answered each and all of the questions
put to him—that the answers to those questions could not
be the product of a moron's mind.

■ The second error assigned relates to the action of
the court in holding that the confession made by the accused
had not been obtained through physical or moral coercion.
In support of this allegation the defendant introduced the
testimony of his brother, Alfonso Rivera Escuté, of his
sister, Otilia Rivera Escuté, and of his uncle, Cruz Escuté.
The first-named witness stated that he saw several police-
men beat his brother, the defendant, at the Police Station
at Santurce, without specifying whether those acts occurred
before or after the making of the confession, and the other
witnesses merely testified that they saw that the face and
neck of the defendant were swollen, without connecting his
physical condition with the confession made. In order to
overcome that evidence, the prosecution introduced the tes-
timony of District Attorney José C. Aponte, who stated that
the accused voluntarily confessed the commission of the
crime after the witness had properly cautioned him, and
that at no time, and especially while the accused was making
his confession, did he notice that the accused had been
beaten or that he complained of anything, and that he gave
his statement calmly. Porfirio Vega and Susano González,
detectives, also testified that the accused was in their cus-
tody and that no person struck him in their presence at
any time. The lower court admitted the confession as evi-
dence in the case and duly instructed the jury as to the lat-
ter's duty to reject it if, after considering the evidence re-

garding the alleged coercion, they should reach the conclusion that the confession had not been voluntarily made. The jury resolved the conflict in the evidence against the defendant and there is no reason which might lead us to conclude that the court erred.

■■ In his third assignment the appellant urges that the lower court erred in holding that the accused was not deprived of his constitutional and statutory right to be assisted by counsel during the preliminary examination. His contention is based on the provisions of §§ 44, 11, and 141 of the Code of Criminal Procedure, and on subdivision 2, § 2 of our Organic Act, and the doctrine laid down in *Woods* v. *United States, supra, Powell* v. *Alabama,* 287 U. S. 45, *Johnson* v. *Zerbst,* 304 U. S. 458, *People* v. *Napthaly,* 105 Cal. 641, and other cases. In passing upon the question thus raised, we will repeat what we said in the case of *People* v. *Travieso, supra,* that neither the Organic Act nor our Code of Criminal Procedure provides, as a prerequisite for the validity of an information, that the same be filed by the district attorney after the holding of a preliminary examination and the issuance of an order of committment by a committing magistrate or judge; and to this we add, as was held in *People* v. *Montes,* 64 P.R.R. 306, that in this jurisdiction there is no constitutional provision requiring that an accused be represented by counsel prior to the arraignment. Moreover, assuming that our laws require for the validity of an information that a preliminary examination be previously held, such a right of the accused has been waived by his failure to file a motion to dismiss the prosecution, before or at the time of the arraignment, on the ground of noncompliance with such legal requisite. *People* v. *Travieso, supra; Ex parte McConnell,* 83 Cal. 558, and *People* v. *Ronsse,* 26 Cal. App. 100, 146 Pac. 65.

212

■■ Lastly, the appellant urges as an error committed by the court, that the verdict on which the judgment was based is contrary to law and against the weight of the evidence. In support of his contention he states that the confession of the accused was not duly corroborated, that the commission of the crime of murder in the first degree was not proved, and that the verdict is contrary to the evidence.

From an examination of the whole evidence introduced by the prosecution in this case, we reach the conclusion that, independently of the confession made by the accused, the *corpus delicti* has been established without any doubt, inasmuch as the unlawful death of a human being caused by a criminal agent has been proved. As it is said in Underhill, Criminal Evidence, 4th ed., par. 37, p. 45, the *corpus delicti* may be proved by circumstantial evidence, from which the jury may reasonably infer that a crime has been committed. The only purpose in requiring proof of the *corpus delicti* is to establish the commission of a crime, and it is not necessary that the degree of the crime appear from such proof. Thus in cases of unlawful death the *corpus delicti* is confined to prove that the death has been the act of a criminal agent, and through the evidence tending to connect the defendant with the commission of the offense it is determined whether the killing constitutes murder in the first or second degree, manslaughter, either voluntary or involuntary, as the case may be. See *People* v. *Declet,* 65 P.R.R. 22. We think that the evidence introduced in this case, together with the confession of the defendant, has sufficiently established all the elements of the crime of first degree murder, without it being necessary to comply with any other legal requisite. The confession was not the only evidence against the accused. There was the testimony of witnesses who saw the defendant on the day of the occurrence at the place where the corpse appeared; that the

blood spots shown by the clothes and shoes of the accused were of the same type as those found on the pipe with which the death was caused, and those exhibited by the seat covers of the automobile in which the corpse lay.

For the reasons stated above, we are of the opinion that none of the four errors assigned was committed and that, therefore, the judgment appealed from should be affirmed.