[S. F. No. 2115.   Department One.—July 30, 1900.]

## CALIFORNIA PASTORAL AND AGRICULTURAL COMPANY, Respondent, v. J. E. WHITSON, Treasurer of Fresno County, Appellant.

SWAMP LAND FUND—PROPERTY OF STATE—DIVISION OF COUNTY—RECLAMATION DISTRICT IN NEW COUNTY—LEGISLATION—RIGHT OF PAYMENT.— Money paid into the treasury of a county to the credit of the swamp land fund is the property, not of the county, but of the state; and where the price of swamp lands in the county had been paid into that fund, and the county was thereafter divided, and the reclamation district for those lands was situated wholly in the new county, which had no part of the swamp land fund, and reclamation was there effected, new legislation is not required to warrant payment to the owners of such lands of their proportion of the swamp land fund of the old county.

ID.—STATUTORY CONSTRUCTION—STATEMENT BY REGISTER—LOCATION OF DISTRICT—PAYMENTS TO PURCHASERS.—Section 3477 of the Political Code, requiring the register of the state land office, upon receiving proper proofs of the reclamation of swamp lands, to credit each purchaser in the district with payment in full for

such lands, and to forward "to the treasurer of the county in which any part of the district is situated, a statement showing the amount paid by each purchaser in the district," is to be construed with other provisions requiring the treasurer to divide the balance of the swamp land fund *"pro rata* among the original purchasers of land," and to "pay to each purchaser the amount found to be due," and the reference to the location of the district is not to be considered as standing in the way of the payment to the purchasers as required by law. The statement by the register is properly made to the treasurer of the county in which the lands of the district were situated when the payments for the swamp lands were made, and not to the treasurer of a new county in which the district is situated, which has no part of the swamp land fund.

ID.—REFUSAL OF TREASURER OF OLD COUNTY—MANDAMUS.—Where the treasurer of the old county, after receiving from the register of the state land office the proper statement of payments made into its treasury by purchasers of swamp lands situated in the new county, the reclamation district of which was there located, refused to make any payment to the successor of the owners of the reclaimed lands, *mandamus* will lie to compel him to pay the amount found to be due to such owners out of the moneys in his hands to the credit of the swamp land fund of the county.

APPEAL from a judgment of the Superior Court of Fresno County. J. R. Webb, Judge.

The facts are stated in the opinion.

O. L. Everts, for Appellant.

H. H. McCloskey, and Frank H. Short, for Respondent.

CHIPMAN, C.—*Mandamus.* The plaintiff asks the peremptory writ of the superior court of Fresno county commanding defendant, as treasurer of said county, to pay plaintiff, as the owner of all the lands in reclamation district No. 647, the amounts found to be due it out of the moneys in his hands to the credit of the swamp land fund of said county. Defendant demurred to the complaint for insufficiency of facts. The court overruled the demurrer, and, defendant declining to answer, gave judgment for plaintiff, from which defendant appeals. The following is a brief statement of facts set forth in the petition: Prior to January, 1893, the lands described in plaintiff's complaint were in Fresno county, and were sold by the state to certain purchasers and patents issued to the

purchasers therefor. All the money paid for said lands as the purchase price thereof was paid into the county treasury of said Fresno county, and amounts to the sum of five thousand two hundred and sixty-six dollars and sixty-four cents. The plaintiff herein became, and is, the successor in interest of said purchasers, and is now and ever since the first day of July, 1893, has been the owner in fee of all of said lands. On or about the first day of July, 1893, Madera county was formed out of certain portions of Fresno county, including all of said lands, under an act of the legislature providing for a division of Fresno county and the creation of Madera from part of Fresno county.

About the twenty-sixth day of April, 1895, said lands were formed into a reclamation district and numbered 647, upon petition of plaintiff therefor to the board of supervisors for said Madera county.

On the third day of September, 1895, said plaintiff made satisfactory proof before the board of supervisors of Madera county that it had expended over two dollars per acre in reclamation of said lands; and said board of supervisors of said Madera county duly certified said facts to the register of the state land office, whereupon said register transmitted to the treasurer of Fresno county a statement showing the amount paid by said purchasers upon said lands, including interest. There is no amount chargeable against the land in said district by reason of moneys drawn from the swamp land fund of said county except the sum of thirteen hundred and twenty dollars and ninety-five cents, and there is sufficient money in the said fund with which to pay the amount claimed.

Appellant does not dispute that plaintiff is entitled to the money claimed; his only point is that the provisions of the statute forbid paying it to plaintiff; that the act under which the county of Madera was created makes no provision for the disposition of money in the swamp land fund when the district is wholly in a new county and the money has been paid into the treasury of the old county; that before the register of the land office or the treasurer of a county can disburse such funds upon proceedings had in another county, there must be some act of the legislature to authorize it.

Section 3477 of the Political Code is relied upon. Section 3476 provides that where the works of reclamation are completed, or two dollars per acre has been expended thereon, the board of supervisors shall so certify to the register of the state land office. Section 3477 provides that thereupon the register must credit each purchaser in the district with payment in full for such lands, "and the register must forward to the treasurer of the county in which any part of the district is situated a statement, showing the amount paid by each purchaser in the district," etc. Then follow provisions requiring the county treasurer, after making certain deductions, "to pay to each purchaser, or his assigns, on demand, the amount found to be due him from such computation, out of the moneys in his hands to the credit of the 'swamp land fund' of the county." In the present case the money was paid into the county treasury of Fresno county prior to the formation of Madera county out of territory subsequently taken from Fresno county, and the reclamation was effected after the formation of Madera county, in which latter county all the land is situated, and in which also the reclamation district was formed. The necessary proofs of reclamation were made to the board of supervisors of Madera county and duly certified by that board to the state register, and it appears that there are no claims or demands of the district unpaid, or any indebtedness against said district, except as already stated. The register forwarded the statement of payments made by purchasers to the county treasurer of Fresno county, who originally received the money and who still has the custody of the fund, and not to the county treasurer of Madera county, in which "the district is situated," as the statute directs.

It would have been of no avail to send the statement to the county treasurer of Madera county, for he did not have the fund and never did have it. The statement was made to the actual custodian of the fund, whose duty it now is to pay it over unless the reasons given by him be sufficient excuse for not doing so.

The fund did not belong to Fresno county and was not an asset of that county at the time Madera county was created. The fund belonged to the state when paid in, and still belongs to the state, subject to be paid to the purchasers of land as provided by law (*Kings County v. Tulare County,* 119 Cal. 509);

and it was also held in that case that the act creating Kings county did not operate to transfer the swamp land fund from Tulare county to Kings county. The same reasons there given apply with equal force here to the effect that the creation of Madera county did not operate to transfer the swamp land fund of Fresno county, arising from lands now a part of Madera county, to the latter county; it is still held by Fresno county as the custodian of the state. The real question is whether some additional legislation is necessary to warrant its payment to plaintiff, conceded to be entitled to it. Appellant cites *Cosner v. Colusa Co.*, 58 Cal. 274. That case throws no light on the question. Certain persons had claims against the reclamation district which had been allowed by the trustees. The statute provided that the money collected for reclamation should be paid out upon the warrants of the trustees, approved by the board of supervisors of the county, and the action was to compel such approval by the board. Appellant also cites *Irwin v. Yuba Co.*, 119 Cal. 686, where a county supervisor sought to recover for extra services rendered the county, and it was said: "It may be safely stated as a rule that one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which itself finds authority of law."

Conceding this to be a correctly stated rule, may we not apply it here in support of the judgment? The law declares that when the register has certified to the treasurer of the county the amounts standing to the credit of the purchaser of land, the county treasurer "must divide the balance *pro rata* amongst the original purchasers of land . . . . and must pay to each purchaser . . . . the amount found to be due . . . . out of the moneys in his hand to the credit of the 'swamp land fund' of the county." Here are both authority and command. It is true the law directs the statement of the register to be forwarded "to the treasurer of the county in which any part of the district is situated," and this was on the assumption that the district would always be found to be in the county that had the custody of the fund, and did not contemplate the removal of the district into another county after payment by the purchasers. But it will be observed that the law deals with the

fund as belonging to the purchasers who reclaimed the land of the district, and it is to these purchasers the law directs payment to be made. The district and the fund and the claimants are all capable of identification and are fully identified, and the amount due is accurately ascertained; the county of Fresno has no claim upon the fund or right to it; the state is the owner, and has, through its proper officer and in the manner pointed out by law, authorized the payment to the person by law entitled thereto. There is nothing in section 3477 of the Political Code, as we regard it, that stands in the way of payment. The fact that the district has been by law shifted into a different county from that in which it was situated when the money now claimed was paid over to the state cannot reasonably be held to deprive the purchaser of the means of recovering that to which he is entitled or prevent the state from keeping faith with him. The purchaser was as much a beneficiary of the fund after as he was before the district ceased to be a part of Fresno county, and the liability of the state was unchanged.

We advise that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Harrison, J., Garoutte, J., Van Dyke, J.