[L. A. No. 1025.    Department Two. — July 8, 1901.]

CHARLES H. MATTINGLY, Appellant, v. THOMAS E. NICHOLS, Auditor of Los Angeles County, Respondent.

MANDAMUS TO AUDITOR — TRANSCRIPTION OF REPORTER'S NOTES — PRELIMINARY EXAMINATION — DISCHARGE OF DEFENDANT — ORDER OF JUSTICE. — The provision of the Penal Code for the transcription of the notes of a reporter, taken at a preliminary examination, is confined to the case where the defendant is "held to answer to the charge," and *mandamus* will not lie to compel the auditor to draw his warrant for such transcription, where the accused was discharged. The order of the examining magistrate, in such case, for the transcription, is unauthorized, and cannot make the state or county liable therefor.

ID. — DUTY OF MAGISTRATE TO INDORSE ORDER OF DISCHARGE — "DEPOSITIONS" — TRANSCRIPTION OF NOTES UNNECESSARY. — The duty imposed upon the magistrate to indorse the order of discharge upon the "depositions" does not indicate that the reporter's notes must be transcribed; but the term "depositions" applies to the testimony taken when the complaint was first presented to the magistrate before issuing the warrant, as well as to the testimony of witnesses taken upon the examination of the accused. Where the accused is discharged, the magistrate may properly indorse the order upon the former "depositions," without the necessity of any transcription of the reporter's notes taken at the examination.

APPEAL from a judgment of the Superior Court of Los Angeles County.    W. F. Fitzgerald, Judge.

The facts are stated in the opinion.

Charles H. Mattingly, for Appellant.

James C. Rives, District Attorney, and Curtis D. Wilbur, Chief Deputy, for Respondent.

HAYNES, C. — Appellant, upon filing his complaint in the court below, obtained an alternative writ of mandate requiring respondent, as county auditor, to draw a warrant upon the county treasurer in his favor for the sum of $34.50, for services as shorthand reporter in a justice's court upon the examination of a prisoner charged with grand larceny, or show cause why he should not do so. The defendant appeared and demurred to the complaint, the demurrer was sustained, judgment entered thereon for the defendant, and plaintiff appeals.

The complaint alleges that upon the demand of one Brog-don, who was being examined upon a charge of grand larceny, that the testimony should be reduced to writing, the plaintiff was ordered and appointed by the justice of the peace to report in shorthand the depositions, testimony, and proceedings at the preliminary examination of the party charged; that he took said proceedings in shorthand, and, in compliance with the order of the justice, afterwards transcribed the same in longhand; that the prisoner was discharged; and the proceedings so transcribed, and his shorthand notes, were duly filed with the clerk of the superior court.

Appellant's demand was for one day's service, $10; and for transcribing the testimony, $24.50. The controversy relates only to the item for transcribing the testimony.

Appellant's contention is, that as section 871 of the Penal Code makes it the duty of the magistrate to indorse, in writing, his order of discharge upon the depositions taken, authenticated, and certified in the manner prescribed by section 869 of the Penal Code, and as section 883 of the Penal Code requires that the "depositions" so taken should be filed with the county clerk in all cases, whether the defendant is discharged or held to answer, it necessarily follows that the reporter's shorthand notes should be transcribed, as otherwise the discharge could not be indorsed upon them.

This contention is, we think, erroneous. If it were essential that the discharge should be indorsed "upon the depositions," there are other depositions mentioned in the code upon which it may properly be indorsed. Section 811 of the Penal Code provides that when an information is laid before a magistrate, he must examine the informant or prosecutor, and any witnesses he may produce, "and take their depositions in writing"; and section 812 of the Penal Code prescribes what "the deposition" so taken must set forth. The term "deposition" is also given to the testimony of witnesses taken upon the examination of the accused, when required to be reduced to writing, whether written by the magistrate, or taken in shorthand. (Pen. Code, sec. 869.) And section 870 speaks of "depositions taken on the information or on the examination."

Section 871 of the Penal Code is as follows: "If, after hearing the proofs, it appears either that no public offense has been committed, or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order

the defendant to be discharged, by an indorsement on the depositions and statement, signed by him, to the following effect: There being no sufficient cause to believe the within-named A B guilty of the offense within mentioned, I order him to be discharged."

It is clear that the name "deposition" is used to designate the testimony taken by the magistrate when the complaint is presented to him before the issuance of the warrant, as well as the testimony of witnesses taken upon the examination of the accused after arrest, and that the order of discharge may properly be indorsed upon the former. If so, the necessity for transcribing the reporter's shorthand notes for the purpose of having the discharge indorsed thereon is not apparent.

In *People* v. *Wallace*, 94 Cal. 499, it is said: "We are of opinion that an order holding a defendant to answer is, in fact and in law, made when it is entered upon the docket of the justice, and the failure to indorse such order upon the complaint or the depositions taken in no manner deprives the order of its validity, or affects any substantial right of a defendant"; and in *People* v. *Wilson*, 93 Cal. 379, it was held that in so far as the statute provides that the order shall be indorsed upon the deposition, the statute may be regarded as directory. In *People* v. *Dolan*, 96 Cal. 315, the order of commitment referred to the complaint as "the within deposition," and it was held that it was a sufficient compliance with section 872 of the Penal Code.

We think, however, that the code does not contemplate, much less require, the shorthand notes of the reporter to be transcribed, where the accused has been discharged. Subdivision 5 of section 869 of the Penal Code provides: "The reporter shall, within ten days after the close of such examination (if the defendant be held to answer to the charge), transcribe into longhand writing his said shorthand notes, and certify and file the same with the county clerk of the county, or city and county, in which the defendant was examined, and shall in all cases file his original notes with said clerk." If it was the intention of the legislature to require the reporter's notes to be transcribed and filed with the original notes in cases where the accused is discharged, as well as in cases where he is held to answer, it would have been easy to say so. No distinction whatever would have been made. It is not material to inquire whether the transcribed notes

could or would have been of any use; the question, as finally stated in the reply brief, is, whether appellant is entitled to pay, having performed the service upon the demand of the accused and under the order of the examining magistrate. But neither the state nor the county can be charged with a liability, unless it is authorized by law. No discretion is vested in the justice of the peace in the matter. His authority must be found in the statute, if he has it, and we do not find any.

The demurrer was rightly sustained, and the judgment should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Henshaw, J., Temple, J., McFarland, J.