[Civ. No. 2937.  Second Appellate District, Division One.—May 8, 1920.]

## COUNTY OF TULARE, Respondent, v. R. W. FENN, Appellant.

[1] BAIL—FORFEITURE BY RECORDER—RIGHT OF COUNTY TO MONEY—PAYMENT TO CITY — ACTION TO RECOVER — WANT OF DEFENSE.— Money collected as a forfeiture of bail for nonappearance to answer a felony charge before a recorder of a city of the sixth class, sitting as a magistrate of the county, belongs to the county and not the city; and the fact that such magistrate has mistakenly paid out such money, even in good faith, to the city, does not constitute a defense to an action by the county to recover the same.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. W. Braswell for Appellant.

Fred C. Scott, District Attorney, and Frank Lamberson for Respondent.

CONREY, P. J.—In December, 1917, while the defendant was acting as a magistrate of the county of Tulare under and by virtue of his office as recorder of the city of Lindsay in that county (said city of Lindsay being a city of the sixth class), he received a complaint in writing made to him as such magistrate, charging one Ah Wong with the commission of a felony. Such proceedings were had that said magistrate received from the said Ah Wong the sum of five hundred dollars as bail and undertaking that the said Ah Wong would appear, etc., as required. At the time set for the examination of Ah Wong before the defendant upon said charge of felony Ah Wong did not appear. Thereupon the said Fenn, acting as magistrate, entered the fact of such nonappearance upon the minutes of the recorder's court of the city of Lindsay, and did declare said sum of five hundred dollars to be forfeited by the said Ah Wong. That forfeiture has become final; nevertheless, the defendant has not paid said sum to the treasurer of the county of Tulare.

On these facts, which are pleaded more fully in the complaint, the county of Tulare brought this action to recover judgment against the defendant for said sum of five hundred dollars. . By his answer to the complaint the defendant admitted the allegations of the complaint, except that the defendant denied that there is due, owing, and unpaid from the defendant to the plaintiff the said sum, or any sum whatever. An affirmative defense was also pleaded, under which it was claimed that the money forfeited as aforesaid was forfeited to the city of Lindsay and not to the county of Tulare, and the money paid over to the said city of Lindsay. On the pleadings above mentioned, the plaintiff moved for a judgment on the pleadings. Said motion having been granted, judgment was entered accordingly, and the defendant appeals therefrom.

[1] In support of the plaintiff's claim of right to the money in question, we are first required to consider certain sections of the Penal Code in the chapter which relates to the taking of bail. "Admission to bail is the order of a competent court or magistrate that the defendant be discharged from actual custody upon bail." (Pen. Code, sec. 1268.) Section 1295 permits the deposit of money instead of an undertaking in writing. Section 1307 reads as follows: "If, by reason of the neglect of the defendant to appear, money deposited instead of bail is forfeited, and the forfeiture is not discharged or remitted, the clerk with whom it is deposited must, at the end of thirty days, unless the court has before that time discharged the forfeiture, pay over the money deposited to the county treasurer." .

Notwithstanding the provisions of section 1307 of the Penal Code, appellant contends that the money deposited with him by Ah Wong was rightfully forfeited to the city of Lindsay under and by virtue of the provisions of section 1457 of the Penal Code, which section is a part of the chapter entitled "Proceedings in Justices' and Police Courts," being chapter 1 of title XI of part II of that code. It is provided in that section "that all fines and forfeitures collected in any . police court or city justice's court that is maintained, and the salaries of the officers thereof paid by the city, whether prosecuted for a violation of a state law or a city ordinance shall be paid to the city treasurer of the city in which such court is located." See, also, section

1570 of the Penal Code, to like effect. It is conceded that defendant's salary as recorder was payable by the city of Lindsay.

The money in question here was not payable tó the city treasurer of the city of Lindsay, unless as a forfeiture it was collected in the recorder's court in its character as a police court and in connection with an action prosecuted therein. But it was not so collected. The recorder's court in a city of the sixth class has jurisdiction concurrently with justices' courts "of all actions and proceedings, civil and criminal, arising within the corporate limits of such city or town, and which might be tried in such justice's court." The recorder is judge of the recorder's court, and it is provided that he "shall have the powers and perform the duties of a magistrate." (Municipal Corporations Act, secs. 882, 883; Deering's Gen. Laws, 1915 ed., p. 1132.) "A magistrate is an officer having power to issue a warrant for the arrest of a person charged with a public offense." (Pen. Code, sec. 807.) "The following persons are magistrates: 1. The justices of the supreme court; 2. The judges of the superior court; 3. Justices of the peace; 4. Police magistrates in towns or cities." (Pen. Code, sec. 808.)

Since the charge on which Ah Wong was held under arrest was not for a misdemeanor triable in the recorder's court, but was a charge of felony, the defendant Fenn could not act in that matter except as a magistrate. The power of justices of the peace and police judges to hold examinations and commit persons to be held on charges of felony or misdemeanor triable in the superior court is derived from the character of those officers as magistrates, and not as justices of the peace or judges of police courts. This office of magistrate is purely a statutory one, "and the powers and duties of the functionary are solely those given by statute." (*People* v. *Cohen,* 118 Cal. 74, 78, [50 Pac. 20]; *People* v. *Crespi,* 115 Cal. 50, [46 Pac. 863].) Even a justice of the supreme court, or a judge of the superior court, if he sees fit to assume the duties of a committing magistrate, "is not accompanied in the discharge of those functions by any of the general or implied powers . . . which surround him when sitting as a court of record." (*People* v. *Cohen,* supra.)

In acting as custodian of bail money, and in paying out such money to the public treasury after the forfeiture, the magistrate is an agent of the state, not acting in a judicial capacity. · Therefore the decisions referred to by counsel for appellant, to the effect that a judge is not to be held responsible in a civil suit for any judicial determination made by him, are not applicable to this case. The defendant is liable to the county, in an action prosecuted by the district attorney, for money held by defendant which is by law payable into the treasury of the county. It is immaterial to the plaintiff's cause of action that the defendant has mistakenly paid out that money, even in good faith, to some other person or corporation.

The judgment is affirmed.

Shaw, J., and James, J., concurred.