STATE ex rel. WALKER, State Treasurer, v. CANNON, City Recorder, etc.

No. 4596.    Decided August 15, 1927.    (259 P. 324.)

*Harvey H. Cluff,* Atty. Gen., and *W. Hal Farr,* Asst. Atty. Gen., for plaintiff.

*W. B. Kelly,* County Atty., and *Shirley P. Jones,* Asst. City Atty., both of Salt Lake City, for defendant.

THURMAN, C. J.

This is an original proceeding in mandamus. The plaintiff, John Walker, is state treasurer of the state of Utah, and the defendant, Dan H. Cannon, is the city recorder and ex officio clerk of the city court of Salt Lake City. The proceeding is to compel the defendant to pay over to the plaintiff certain money now in the custody of defendant, which money plaintiff contends belongs to the state.

The undisputed facts as disclosed by the petition herein are as follows: On or about September 11, 1926, the county attorney of Salt Lake county filed a complaint against one Alvin Mecham, with several aliases, charging him with a felony, to wit, rape. Mecham was arrested and admitted to bail in the sum of $1,000, for which a surety bond was given. Thereafter on September 28, 1926, Hon. John H. Morgan, a city judge and ex officio justice of the peace of Salt Lake

City, called said case up for preliminary examination, but Mecham failed to appear, whereupon the judge ordered that the aforesaid bail be forfeited and that a bench warrant be issued. Mecham was not found, and the bail in the sum of $1,000 was paid to the defendant, as ex officio clerk of said court. The defendant, on demand, refused to turn over the money to the plaintiff, whereupon plaintiff filed his application herein for a writ of mandate, and an alternative writ was issued. Defendant's answer to the writ is, in effect, a general demurrer.

The crime with which Mecham was charged is a felony and was not triable on its merits by the city court. The jurisdiction of the city court in the case was that of an examining magistrate only. In such case the plaintiff contends the money belongs to the state, and in support of such contention relies mainly on the following provision of the Comp. Laws of Utah 1917, § 9269:

"If, by reason of the neglect of the defendant to appear, money deposited instead of bail is forfeited, and the forfeiture is not discharged or remitted, the clerk with whom it is deposited must, immediately after the final adjournment of the court, pay over the money deposited to the state treasurer. If bail be given in a justice's court for the appearance of a defendant in a case triable therein, the same if forfeited shall be paid by such justice into the county treasury."

The defendant contends that the statute just quoted is not applicable to the instant case because that section only applies to cases where money is deposited as bail, and not to cases where a surety bond is given, as in the case at bar. The further point is made that there is no statute which expressly provides to whom money shall be paid where it is paid into court by the sureties. Reference is also made by defendant to chapter 34, Sess. Laws, 1919, which consolidated the offices of city judge, justices of the peace, and magistrates, and conferred all the powers thereof on the city judge. Said act also provides that the city shall pay all the salaries, furnish court rooms, attendants, furni-

ture, light, etc., and pay all expenses of the city court. It also provides that all fees collected by the ex officio clerk of the city court and all fines and costs collected for violation of city ordinances and one-half of the fines collected for violation of state laws shall be paid into the city treasury. The remainder of fines collected by him for violation of state laws shall be paid into the county treasury. In case of appeal to the district court, in criminal cases, the fines, if any, paid to the clerk of said district court must be paid one-half into the state treasury and one-half into the city treasury.

In view of these statutes and of sections 9267 and 9268 of Comp. Laws, supra, which provide for the forfeiture of bail given by sureties and imposes upon the county attorney the duty of proceeding by action against the bail, the defendant contends that the money in this case should be paid one-half into the city treasury and one-half into the county treasury.

Chapter 34, Laws of 1919, supra, furnishes little or no support to defendant's contention. That statute is specific as to the distribution of fees, costs, and fines arising in the city court, both under city ordinances and under state laws, but it says nothing whatever as to money arising from the forfeiture of bail.

If the case had been one triable on its merits by the city court for an offense in violation of a state law, the money arising from a forfeiture of bail should be paid into the county treasury, as provided in section 9454, Comp. Laws, supra. But it is admitted by defendant here that this case was not triable on its merits by the city court.

The Attorney General, appearing for the plaintiff here, calls our attention to a California case arising under a statute in many respects analogous to the Utah statute, section 9269. The California statute (section 1307 of the Penal Code) reads as follows:

"If, by reason of the neglect of the defendant to appear, money deposited instead of bail is forfeited, and the forfeiture is not dis-

charged or remitted, the clerk with whom it is deposited must, at the end of thirty days, unless the court has before that time discharged the forfeiture, pay over the money deposited to the county treasurer."

The only substantial difference between the two statutes, as far as applicable to the question here, is that in the California statute the money is to be paid into the county treasury, while here it is to be paid to the state treasury.

A question identical in principle with the question here arose in California in the case of *Tulare County* v. *Fenn*, 47 Cal. App. 413, 190 P. 855. In that case the county instituted action against the city recorder to recover money deposited as bail and forfeited. The case for which the money was deposited as bail was a felony not triable on its merits by the city recorder, who, under the California statutes, exercised the function of a magistrate. The defendant in that case contended that the money was forfeited to the city and paid it to the city accordingly. In so far as the California statute is analogous to the Utah statute (section 9269), the opinion of the court strongly supports the contention of the plaintiff in the case at bar. The syllabus of the case reflects the contention of the defendant as well as the decision of the court. It reads:

"A city recorder, in forfeiting a cash bail taken under authority of Pen. Code, §§ 1268, 1295, for the appearance of defendant charged with felony, acts as a magistrate under the power given by Pen. Code, § 808, and Municipal Corporation Act, §§ 882, 883 [Deering's Gen. Laws 1915, act 2348, p. 1132], not as a judge of recorder's court, so that the amount forfeited is not payable to the city under Pen. Code, §§ 1457, 1570, requiring payment of forfeitures in police or justice courts of the city into the city treasury, even though they are for violation of a state law, but such money must be paid to the county under Pen. Code, § 1307."

The decision in that case, however, does not meet and answer all of the contentions made in the instant case. The contention that section 9269 only refers to money deposited as bail, and not to money paid into court by the sureties, is not determined in the California case.

This court, however, sees no reason for the distinction made by defendant here between money deposited as bail in the city court, in this class of cases, and money paid into the city court by sureties in satisfaction of their undertaking. In either case, the money comes into the hands of the court without effort on the part of either the city or the county. So that the point urged, that the burden is on the county attorney to institute action against the sureties when their bond is forfeited, has no application in the instant case. We are of the opinion that where money is deposited as bail, under the provisions of section 9269, or is paid into such courts by the sureties on forfeiture of the bail, as in the instant case, the money so deposited or paid should, if the court is sitting as an examining magistrate, be paid over to the state treasurer. We are convinced that is the clear meaning and intent of the law, as applied to the facts of this case. It is not necessary to decide what the rule should be if the county attorney was compelled to institute an action on the sureties' undertaking. That question can be determined when it becomes necessary to decide it.

It is ordered that a peremptory writ of mandate issue as prayed for in the petition filed herein.

CHERRY, GIDEON, STRAUP, and HANSEN, JJ., concur.