SHAW, P. J.
 

 After defendant’s demurrer to the complaint was overruled, judgment as prayed for was rendered against it by default, from which it appeals. From the complaint, it appears that plaintiff, at the request of the marshal of the Municipal Court of the City of Los Angeles, furnished meals and lodging and transportation to and from the lodging place for the trial jury sitting in a criminal case then on trial in said municipal court and the bailiff in charge of them, while said jury were being kept together during the progress of the trial and after their retirement for deliberation. The marshal arranged for these accommodations for the jury pursuant to an order of said court directing him so to do. The reasonable value of the accommodations so furnished was $78. Plaintiff presented its claim therefor to the board of supervisors of defendant, which rejected it on the ground that the county had no legal authority to pay it, and this action followed.
 

 Defendant relies on the rule, well established in this state, that “one who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which itself finds authority of law. It is not sufficient that the services performed, for which payment is claimed, were beneficial.”
 
 (Irwin
 
 v.
 
 County of Yuba,
 
 (1898) 119 Cal. 686, 690 [52 Pac. 35, 37] ; cited and approved in
 
 California Pastoral & Agr. Co.
 
 v.
 
 Whitson,
 
 (1900) 129 Cal. 376, 380 [62 Pac. 28], and
 
 Gibson
 
 v.
 
 County of Sacramento,
 
 (1918) 37 Cal. App. 523, 525 [174 Pac. 935].) To the same effect see
 
 Los Angeles Warehouse Co. v. County of Los Angeles,
 
 (1934) 139 Cal. App. 368, 371 [33 Pac. (2d) 1058],
 

 As statutory authority for its claim, plaintiff points to section 1136 of the Penal Code. If applicable here, that
 
 *Supp. 769
 
 section undoubtedly settles the case in plaintiff’s favor, for it provides that “While the jury are kept, togther, either during the progress of the trial or after their retirement for deliberation, the court must direct the sheriff to provide the jury with suitable and sufficient food and lodging, or other reasonable necessities.” We doubt whether this section is applicable to municipal courts. It is a part of title VII of part II of the Penal Code. The general heading of part II of that code is “Criminal Procedure”. Titles III to VIII of that part deal primarily with proceedings in the superior court after indictment or upon information.
 
 (In re Kennerly,
 
 (1923) 190 Cal. 774, 775, 776 [214 Pac. 857] ;
 
 In re Casas,
 
 (1935) 9 Cal. App. (2d) 122, 123 [48 Pac. (2d) 990].) In title XI of part II is chapter I, headed “Proceedings in Justices’ and Police Courts”. Section 1461a, which has been added to this chapter since municipal courts were provided for, makes its provisions applicable to procedure in those courts, and in
 
 People
 
 v.
 
 Aymar,
 
 (1929) 98 Cal. App. 1, 3 [276 Pac. 595], it was declared that sections on procedure not found in title XI are applicable to superior courts only. On the other hand, it was held in
 
 In re Herron,
 
 (1933) 217 Cal. 400, 404 [19 Pac. (2d) 4], that section 1203 of the Penal Code, which is not in title XI of part II, but in title VIII thereof, is, by reason of the nature of its provisions, applicable to all courts, including municipal courts. There may be other sections to which this holding would apply. We find it unnecessary, however, to decide whether section 1136 authorizes the action taken here by the municipal court, because we think that action may be upheld on other grounds.
 

 Plaintiff further calls attention to section 4307 of the Political Code, and particularly to subdivision 3 thereof. That section and subdivision read in part as follows: “The following are county charges: ... 3. The expenses necessarily incurred ... for other services in relation to criminal proceedings for which no specific compensation is prescribed by law.” In cases to which this provision applies, it is a sufficient statutory authority to satisfy the rule declared in
 
 Irwin
 
 v.
 
 County of Yuba, supra,
 
 (1898) 119 Cal. 686, 690, on which defendant relies. See
 
 Gibson
 
 v.
 
 County of Sacramento, supra,
 
 (1918) 37 Cal. App. 523, 525. If we assume that this provision is by implication limited to criminal pro
 
 *Supp. 770
 
 ccedings carried on in courts which are supported by the county, the Los Angeles Municipal Court, is, in spite of its name, such a court, for all its expenses are paid from county funds, by the terms of section 22 of the Municipal Court Act (Leering’s Gen. Laws, Act 5238), as amended by Stats. 1931, page 1699. To come within the above-quoted provision of section 4307 of the Political Code, services need not be performed by a county officer or any particular person.
 
 (Gibson
 
 v.
 
 County of Sacramento, supra,
 
 at p. 527.) In the case just cited, this provision was held to cover services rendered by an attorney appointed by the court to prosecute against a district attorney a charge of official misconduct. In
 
 Los Angeles Warehouse Co.
 
 v.
 
 County of Los Angeles, supra,
 
 (1934) 139 Cal. App. 368, 370, 373, it was held to cover services rendered by the plaintiff in storing automobiles which were to be used as evidence in criminal proceedings. We see no reason to doubt that it is adequate to cover the services rendered by plaintiff here, if the municipal court had power to direct their rendition.
 

 We think it had such power, regardless of any statutory authority. At common law the custom seems to have been to leave the jury without food until they agreed, thus starving them into submission. See concurring opinion of Justice Sharp stein, in
 
 People
 
 v.
 
 Gray,
 
 (1882) 61 Cal. 164, 188 [44 Am. Rep. 549] ; 8 Cal. Jur. 382. But that course does not conform to the rule in this country that a jury shall be left free and untrammeled, to reach a verdict without any sort of compulsion. There are many cases in' which it is reasonably necessary for a jury to be kept out for a longer period than that during which men and women should be expected to go without food or sleep, and such cases may arise in municipal courts as well as those of higher jurisdiction. Section 1440 of the Penal Code, which by section 1461a is expressly made applicable to municipal courts, provides that “the jury may decide in court, or may retire for consideration”. Obviously a jury cannot indulge mature “consideration” in cases with involved issues and extensive evidence, without proper quarters and supplies, including lodging and food. For the purpose of a jury trial the jury is a part of the court, and the court has inherent power to provide for its functioning under conditions which will favor its doing go efficiently, even to the extent of providing meals and lodg
 
 *Supp. 771
 
 ing and transportation, if necessary, in cases of prolonged deliberation. Furthermore, section 22 of the Municipal Court Act directs that the supervisors “shall provide suitable quarters for the municipal courts, and shall supply them with . . . supplies necessary for carrying out their duties . . . ” It is true, the jurors in criminal cases receive fees which may be considered as compensation for their services, and while they are permitted to remain separate and maintain themselves in such fashion as they see fit, they are expected to use these fees to provide for themselves; but when they are kept together in charge of the officer of the court they are no longer free to follow their own desires and provide for themselves and the court which prevents them from so doing has inherent power to provide for them, to the extent involved in this case, even without express statutory authority, beyond that cited, to that effect. This question seems not to have been decided in California; but the same problem has arisen elsewhere and the courts of several states have rendered decisions in accordance with the views just expressed.
 
 (Lycoming County Commissioners
 
 v.
 
 Hall,
 
 (Pa. 1838) 7 Watts, 290;
 
 State
 
 v.
 
 Armstrong, Auditor,
 
 (1850) 19 Ohio, 116, 125;
 
 Bates
 
 v.
 
 Independence County,
 
 (1861) 23 Ark. 722;
 
 Allegany County Commrs.
 
 v.
 
 Howard County Commrs.,
 
 (1881) 57 Md. 393;
 
 Stowell
 
 v.
 
 Jachson County,
 
 (1885) 57 Mich. 31 [23 N. W, 557].)
 

 On the general subject of implied or inherent powers of the court,
 
 Millholen
 
 v.
 
 Riley,
 
 (1930) 211 Cal. 29, 33 [293 Pac. 69], declares that “A court set up by the Constitution has within it the power of self-preservation, indeed, the power to remove all obstructions to its successful and convenient operation.” In
 
 Brydonjack
 
 v.
 
 State Bar,
 
 (1929) 208 Cal. 439, 442 [281 Pac. 1018, 66 A. L. R. 1507], the court said, “the courts have and should maintain vigorously all the inherent and implied powers necessary to properly and effectively function as a separate department in the scheme of our state government.” Again in
 
 Nicholl
 
 v.
 
 Koster,
 
 (1910) 157 Cal. 416, 423 [108 Pac. 302], the court said, “But if the legislature or the constitution should fail to provide such persons [assistants of the court], a court invested with jurisdiction would have all the powers necessary to its convenient exercise and could appoint such assistants as might be required.” The municipal courts, while not directly set
 
 *Supp. 772
 
 up by the Constitution, are named in it and their establishment is authorized by it, and they are included in its list of courts of record. They are therefore entitled to the benefit of all the rules as to inherent or implied powers stated in the eases above cited.
 

 Plaintiff’s claim includes six dollars for meals, lodging and transportation furnished, while the jury were being kept together, to the bailiff who was in charge of them. Defendant does not specially object to that part of the claim, and perhaps the court could have ordered this also, under its inherent power above discussed; but the complaint does not allege that it did so. However, section 7b of the Municipal Court Act (DBering’s Gen. Laws, Act 5238), as amended by Stats. 1931, p. 1538, and now in force, which applies to the Los Angeles Municipal Court, provides that “the marshal and deputy marshals shall be allowed their necessary incidental expenses incurred in the performance of their duty”. The marshal is the ministerial officer of the municipal court and the bailiff was his deputy. This provision of the statute supports this part of the claim.
 

 The judgment is affirmed, respondent to recover its costs of appeal.
 

 Schauer, J., concurred.