[L. A. No. 29491. In Bank. Nov. 7, 1967.]

CARL NEWMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Charles M. Berg for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondents.

PETERS, J.—Petitioner seeks a writ of mandate directing the Appellate Department of the Superior Court for Los Angeles County to take jurisdiction and hear his appeal from an order by Judge Otto B. Willett denying a motion to vacate the forfeiture of an undertaking for bail and to exonerate the undertaking. The writ should issue. ▮ [See fn. 1.] Petitioner also requests that the forfeited bail be posted with the superior court pending the outcome of the appeal.[1]

Ernest Nielsen was charged by complaint with two violations of section 274 of the Penal Code. A warrant was issued for his arrest with bail set at $16,500. On July 12, 1966, an undertaking in that amount was posted by petitioner as authorized representative of United Bonding Insurance Company. On August 5, when Nielsen failed to appear for preliminary examination before Judge Willett of the Municipal Court of the South Bay Judicial District, the undertaking for bail was ordered forfeited and notice of forfeiture was mailed. A motion to set aside the bail forfeiture was made and denied on January 31, 1967, and the following day petitioner filed his notice of appeal to the appellate department of the superior court. No fee was paid in connection with the appeal.

On February 9, 1967, the files and records on appeal were returned by the appellate department to the municipal court. Petitioner alleges that the appellate department refused to accept the appeal because it appeared that the issue involved the sum of $16,500 which it is claimed is beyond the jurisdictional limits of the appellate department, and because the appeal was a civil appeal and the required filing fee had not been paid.

Subdivision (g) of section 77 of the Code of Civil Pro-

---

[1]Petitioner, however, has not alleged any facts to indicate that there is any danger that he may not be able to recover the forfeited bail should he ultimately prevail in having the forfeiture vacated. Accordingly, the request to have the bail posted is denied.

622

cedure provides that the appellate department of the superior court shall have jurisdiction on appeal "from the municipal and justice courts within the county or city and county in all cases in which an appeal may be taken to the superior court as is now or may hereafter be provided by law, except such appeals as require a retrial in the superior court."

It is settled that an order refusing to set aside a forfeiture of bail is appealable. (E.g., *People* v. *Durbin,* 64 Cal.2d 474, 476 [50 Cal.Rptr. 657, 413 P.2d 433]; see *People* v. *Wilcox,* 53 Cal.2d 651, 654-655 [2 Cal.Rptr. 754, 349 P.2d 522].) In the latter case, the court reasoned that the forfeiture of bail is an independent, collateral matter, and is civil in nature. (53 Cal.2d at p. 654.)

The statutory provisions providing for the granting of bail, and motion to set aside forfeiture, make it clear that the Legislature intended that a municipal court shall have jurisdiction to consider motions to set aside a forfeiture of bail where the amount of the bail exceeds the ordinary jurisdictional amount in civil actions. A judge of the municipal court like all other judges and justices in this state is a magistrate (Pen. Code, § 808), and when he issues a warrant of arrest for a bailable offense, he shall fix the amount of bail which in his judgment shall be reasonable and sufficient for the appearance of the defendant following his arrest (Pen. Code, § 815a). Section 1305 of the Penal Code provides for forfeiture of bail if, "without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, . . ." The section further provides that under certain circumstances the court may discharge the forfeiture. Section 1306 of that code provides that if the forfeiture has not been set aside within 180 days, the court which declared the forfeiture shall enter a summary judgment against the bondsman if it has jurisdiction to render judgment in an action arising upon contract of similar nature and amount but if the court declaring the forfeiture "has not jurisdiction to give judgment in an action arising upon a contract of similar nature and amount," the court shall deliver to the district attorney the bond and a certified copy of the forfeiture order and the district attorney shall file those documents in a court having jurisdiction to render judgment in a contract action of similar nature and amount, which court shall enter the summary judgment.

Section 1306 makes it abundantly clear that a municipal

court has jurisdiction to order a forfeiture of bail where the amount exceeds the amount of its jurisdiction in contract actions. The order is appealable, and no provision appears limiting the jurisdiction of the appellate department to any fixed amounts in hearing appeals from the municipal court, but to the contrary the appellate department's jurisdiction extends to "all" cases in which an appeal may be taken to the superior court. (Code Civ. Proc., § 77, subd. (g).)

Thus, the statutory scheme establishes that the amount of the bail is not determinative as to the court which may order a forfeiture or as to the appropriate court for appeals from such an order.

 The county counsel does not claim that the amount of bail determines the court which may order a forfeiture or the appropriate court for appeal. His position is that, when a judge of the municipal court orders a forfeiture of bail for failure to appear at a preliminary hearing on a felony charge, the judge is acting as a magistrate and that therefore subdivision (g) of section 77 of the Code of Civil Procedure is not applicable because it deals with appeals from the municipal court and not with appeals from a "magistrate's court." He relies upon *County of Tulare* v. *Fenn,* 47 Cal.App. 413 [190 P. 855].

That case is in point, but due to legislative changes, no longer is authoritative. In that case the accused failed to appear for preliminary hearing before the recorder of the City of Lindsay, sitting as a magistrate, and the bail was ordered forfeited. The bail was paid to the City of Lindsay. The issue was whether the city was entitled to the bail under then sections 1457 and 1570 of the Penal Code providing that all forfeitures collected in any police or justice's court are payable to the city treasurer or whether the county was entitled to the money under section 1307 of that code providing that deposits in lieu of bail which are forfeited are payable to the county treasurer. In holding for the county, the court reasoned that in collecting the money the judge acted not as a judge of a police court but as a magistrate, and was sitting in a "magistrate's court."[2]

An examination of the history of section 1457, former section 1570, and the present provision in section 1463 of the Penal Code indicates that the Legislature has repudiated the

[2]Section 1307 of the Penal Code except for a few matters not relevant here has not been changed since the decision in *Fenn*.

rule of *Fenn* and that bail forfeitures in municipal and justice courts due to failure to appear at preliminary hearings do not go solely to the county but are to be apportioned between the city and the county. *Fenn* was decided in 1920. Municipal courts were provided for by a 1924 amendment to article VI, section 11 of our Constitution. In 1925 the Legislature adopted section 1463 of the Penal Code which deals with the allocation between city and county of fines and forfeitures collected by the municipal courts. (Stats. 1925, ch. 439, p. 949.) The section did not make any special provision for forfeitures which might be collected for failure to appear at a preliminary hearing. In 1927 the Legislature adopted the rule of *Fenn* by amending sections 1457 and 1570, which then dealt with recorder's courts, city justice courts, and police courts, to provide that forfeitures collected by a judge of one of those courts sitting as a magistrate were exempt from the provisions of the section governing the allocation of fines and forfeitures. (Stats. 1927, chs. 197, 198, pp. 355-356.) No similar amendment was made to section 1463 governing municipal court fines and forfeitures. Then, in 1949, as part of the reorganization of inferior courts, section 1570 and the portion of section 1457 dealing with allocations of fines and forfeitures were repealed, and section 1463 was amended to deal with fines and forfeitures in justice courts as well as municipal courts. (Stats. 1949, ch. 1517, pp. 2699-2700.) Thus the Legislature repealed the special provisions with regard to magistrates and did not re-enact them, although it amended the provisions for allocation in section 1463 of the same chapter.

The theory for which the county counsel relies upon *Fenn*, that the forfeiture is by a ''magistrate's court,'' is no longer tenable in view of the provisions of section 1, article VI, of our Constitution which vests the judicial power of this state in certain enumerated courts and does not include a ''magistrate's court'' among those enumerated, nor does the Constitution authorize the Legislature to create inferior courts. (Prior to 1950 the constitutional provision authorized the Legislature to create inferior courts.) It is clear that, in the light of the subsequent changes in the constitutional provisions and the code sections, neither the holding nor the reasoning of *Fenn* are any longer authoritative.

Strong support for the view that an order by a municipal judge denying a motion to vacate a forfeiture of bail is an order of the municipal court appears from the provisions of

section 1305 and 1306 of the Penal Code, which govern forfeiture of bail, discharge of the forfeiture, and enforcement of the forfeiture. Those sections refer to the "court," not to the magistrate, and the Legislature has shown that when it contemplates that certain action may be accomplished by either the court or a magistrate it has used both terms as in section 1308 of the Penal Code. The county counsel's position is not well taken.

 County counsel also urges that petitioner should be denied relief because he did not pay the requisite filing fee for an appeal in a civil action. Such fee was not paid. The forfeiture of bail is an independent, collateral matter, civil in nature. (*People* v. *Wilcox, supra,* 53 Cal.2d 651, 654-655; *People* v. *Doe,* 172 Cal.App.2d Supp. 812, 815 [342 P.2d 533].) In *Wilcox* it was held that the People could appeal from an order granting a motion to set aside the forfeiture notwithstanding the fact that section 1238 of the Penal Code, which lists the orders from which the People may appeal in a criminal case, does not include an order setting aside a forfeiture of bail. Thus the fee should have been offered.

 The failure to pay the fee, however, does not preclude relief. When the appellate department refused to accept the appeal, petitioner was told that this was not only because the filing fee was not paid but also because the appellate department would not have jurisdiction. In these circumstances it would have been an idle act for petitioner to have tendered the fee.

The request to have the bail posted is denied. Let a peremptory writ of mandate issue directing the appellate department to accept petitioner's appeal on condition that petitioner first pay the required filing fee.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.